**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**at Greenbelt**

| | |
|---|---|
| **In re:** | |
| **Deborah A. Steffen,** | **Case Number: 25-11347** |
| **Debtor.** | **Chapter 13** |
| **PNC Bank, National Association,** | |
| **Movant,** | |
| **v.** | |
| **Deborah A. Steffen,** | |
| **Respondent.** | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**AS TO REAL PROPERTY OWNED BY DEBTOR**
**PURSUANT TO 11 U.S.C. § 362(d)(1)**
**(215 Langley Lane, Solomons, Maryland 20688)**

Movant, PNC Bank, National Association ("PNC"), a secured creditor in the above-captioned case, by its undersigned counsel, pursuant to 11 U.S.C. § 362(d)(1) and Federal Rules of Bankruptcy Procedure 4001 and 9014, moves for the entry of an order terminating the automatic stay as to PNC and the sale of certain real property owned by the Debtor, Deborah A. Steffen ("Debtor"), and in support states as follows:

**Introduction**

1.      The Debtor's largest asset is a residential rental property known as 215 Langley Lane, Solomons, Maryland 20688 (the "Property").  According to the Debtor's Schedules, the value of the Debtor's interest in the Property is $400,000.00 and PNC's claim secured by the

Property, as of the Petition Date, is $123,670.03.  As set forth below, PNC is entitled to relief from the automatic stay pursuant to Section 362(d)(1) because its interest in the Property is not adequately protected.

**Jurisdiction**

2.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(a) and 1334.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

**Background**

4.      On February 18, 2025 (the "Petition Date"), the Debtor filed a voluntary petition in this Court under Chapter 13 of the Bankruptcy Code.

5.      As noted above, the Debtor's largest asset is a residential rental property located in Calvert County, Maryland known as 215 Langley Lane, Solomons, Maryland 20688 (the "Property").

6.      PNC believes that the Property is separated into two units last occupied by tenants in October 2024.

7.      The indebtedness that is owed to PNC is secured by a junior lien against the Property, pursuant to a judgment entered in the Circuit Court for Montgomery County, Maryland in the case captioned *PNC Bank, National Association v. Christine McNelis, et al.*, Case No. 406452V on July 10, 2015 in favor of PNC and against the Debtor in the total amount of $164,006.11, plus post-judgment interest and costs (the "Judgment").

8.      On October 23, 2017, the Judgment was recorded in the Circuit Court for Calvert County, Maryland in the case captioned *PNC Bank, National Association v. Deborah Steffen, et al.*, Case No. C-04-JG-17-000356.  The Order and Notice of Recorded Judgment are attached

hereto as Exhibit "A" and incorporated herein by reference.   The Judgment has remained unsatisfied for over nine years.

9.      On September 9, 2024, PNC, through undersigned counsel, requested a Writ of Execution on the Property, and on September 10, 2025, the Circuit Court for Calvert County issued a Writ of Execution.  The Writ of Execution is attached hereto as Exhibit "B" and incorporated herein by reference.

10.      The Sheriff for Calvert County scheduled a sale of the Property for March 26, 2025.

11.      On February 18, 2025, a month and eight days before the scheduled Sheriff's sale, the Debtor filed her voluntary petition in this Court and the sale was postponed.

12.      As the Debtor noted in the May 8, 2025, 341(a) Meeting of Creditors, she filed this bankruptcy petition to prevent the Sheriff from selling the Property.

13.      The Debtor filed her Schedules on March 17, 2025, listing PNC's claim as disputed and the amount of the claim as unknown, despite PNC having the Judgment against the Debtor for over nine years and the Debtor having never contested the Judgment.

14.      The Debtor filed her Chapter 13 Plan (the "Plan") on March 17, 2025, and failed to include PNC in the Plan.  Given the Debtor's failure to include PNC in her Plan, PNC will file an objection to the Plan.  Further, the Plan provides minimal details, only listing Truist Bank ("Truist") as the mortgagee for the Property.

15.      On April 23, 2025, Truist filed a Proof of Claim listing the amount claimed as $199,020.88.

3

16.     On April 28, 2025, PNC filed a Proof of Claim listing the remaining amount owed as $124,458.24.[1] All funds previously received by PNC were applied to the amount owed and the claim amount was reduced accordingly.

17.     A hearing to consider confirmation of the Plan is scheduled for June 10, 2025.

## Relief Requested

18.     PNC requests that the Court enter an Order terminating the automatic stay to permit PNC to proceed ahead with the sale of the Property and apply any proceeds from the sale to reduce the indebtedness owed by the Debtor to PNC.

19.     Section 362(d)(1) of the Bankruptcy Code provides that the Court shall grant relief from the automatic stay for cause, which includes the lack of adequate protection of a party's interest in property.  11 U.S.C. § 362(d)(1).  Further, the Debtor bears the burden of proving the absence of "cause" under § 362(d)(1).  *See* 11 U.S.C. § 362(g).

20.     The law regarding relief from automatic stay due to lack of adequate protection is well-established:

> In order to obtain relief from the stay for lack of adequate protection, the creditor must establish a *prima facie* case which demonstrates that the debtor owes a debt to the creditor, that the creditor possesses a valid security interest securing the debt, and that the collateral securing the debt is declining in value while the debtor has failed to provide the creditor with adequate protection of its interest in the collateral. *In re Bushee,* 319 B.R. 542, 551 (Bankr.E.D.Tenn.2004).  In making its determination, the court considers "the nature of the creditor's interest in the property, the potential harm to the creditor as a result of the property's decline in value and the method of protection[,]" *In re Plabell Rubber Prods., Inc.,* 137 B.R. 897, 900 (Bankr.N.D.Ohio 1992), as well as "(1) the value of the interest; (2) the risk that the value of the encumbrance will decline; and (3) whether the debtor's adequate protection proposal protects value against such risks." *In re Cambridge Woodbridge Apts., L.L.C.,* 292 B.R. 832, 841 (Bankr.N.D.Ohio 2003).

---

[1] PNC is filing an amended Proof of Claim listing the corrected remaining amount owed as $123,670.03.

> The determination of whether a creditor's interest is adequately protected is not an exact science nor does it involve a precise arithmetic computation. Rather, it is pragmatic and synthetic, requiring a court to balance all relevant factors in a particular case, including the value of the collateral, whether the collateral is likely to depreciate over time . . . and the debtor's performance under the plan. Other considerations may include the balancing of hardships between the parties and whether the creditor's property interest is being unduly jeopardized. A secured creditor retains the right to 'adequate protection' of its collateral, which means it is entitled to have the value of its collateral maintained at all times, and it can obtain relief from the automatic stay and take back its collateral at any time if that interest is not adequately protected or for other 'cause.'

*In re Evans Coal Corp.*, 485 B.R. 162, 167–68 (Bankr. E.D. Tenn. 2013).

21.     Based on the above standards, PNC's interest in the Property is not adequately protected.  It is clearly indisputable that the Debtor "owes a debt to" PNC and the Judgment is "a valid security interest securing the debt[.]"  *Id.*

22.     Further, based on the Debtor's statements during the May 8, 2025, 341(a) Meeting of Creditors, the Debtor resides in North Carolina and the Property located in Maryland is vacant. Counsel has spoken with the last known tenants at the Property and was advised by the tenants that they vacated the Property as of October 2024.  Consequently, to the best of PNC's knowledge, the Property has been vacant for over six months.  Based on these facts, PNC believes that the Property has not been adequately protected from damage and deterioration for months.

23.     Additionally, PNC also does not know if the Property is adequately insured or insured at all.  The Debtor has not provided any such information on the Property.  Counsel requested a Certificate of Insurance from the Debtor's counsel but has yet to receive it.

24. Finally, the Debtor failed to pay 2023 and 2024 real estate taxes on the Property. The amount of outstanding taxes due is presently $8,163.31.[2] The Plan does not provide for the payment of the real estate taxes on the Property, putting the Property at risk of a tax sale.

25. For over nine years, the Debtor has failed to make any direct payments to satisfy the Judgment, and as of this date, the only payments received by PNC to satisfy the Judgment were rental payments recovered pursuant to writs of garnishment filed in Calvert County by PNC.

26. Based on the Debtor's own assessment of value of the Property, namely $400,000, the equity in the Property can easily satisfy the debts owed to PNC ($123,670.03) and Truist ($199,020.88). Unfortunately, on the eve of the scheduled sale of the Property, which would have satisfied the debts owed, the Debtor filed for bankruptcy and ultimately failed to even list PNC as a creditor in her Plan.

27. For all the foregoing reasons, cause exists pursuant to Section 362(d)(1) of the Bankruptcy Code to grant PNC relief from the automatic stay as to the Property. Given the need to immediately preserve the Property, PNC seeks relief from the fourteen (14) day stay of any order granting the relief requested in this Motion pursuant to Bankruptcy Rule 4001(a)(3), and requests that any order granting the relief requested in this Motion be effective immediately upon entry thereof.

WHEREFORE, PNC respectfully requests that this Court enter an Order:

a. Granting this Motion and all relief requested by PNC herein;

---

[2] The 2023 and 2024 Calvert County real estate tax bills for the Property and bill history are attached hereto as Exhibit "C" and incorporated herein by reference.

b. Terminating the automatic stay to permit PNC to proceed ahead with the sale of the Property and apply any proceeds from the sale to reduce the indebtedness owed by the Debtor to PNC;

c. Directing that the fourteen (14) day stay of Bankruptcy Rule 4001(a)(3) shall not apply to any order granting the relief requested in this Motion; and

d. Granting such other and further relief and adequate protection in favor of PNC that the Court deems just and proper.

Respectfully submitted,

*/s/ Elizabeth D. Peters*
Elizabeth D. Peters (Bar No. 31225)
Michael D. Nord (Bar No. 04395)
Gebhardt & Smith LLP
One South Street, Suite 2200
Baltimore, Maryland 21202
Tel: (410) 385-5115
Email: epeters@gebsmith.com
*Counsel for PNC Bank, National Association*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of May 2025, the foregoing was served upon the following through the Court's CM/ECF system:

Rebecca A. Herr ecf@ch13md.com

Jill L. Phillips jp@phillipslaweast.com, Nicole@phillipslaweast.com

Ryan Srnik ryan.srnik@brockandscott.com, wbecf@brockandscott.com

and via U.S. mail, postage pre-paid, on the following:

Deborah A. Steffen
2923 Pageland Highway
Monroe, North Carolina 28112

Rebecca A. Herr
Chapter 13 Trustee
185 Admiral Cochran Dr, Suite 240
Annapolis, MD 21401

Truist Bank
PO Box 1847
Wilson, NC 27894

Branch Banking and Trust Company
7200 Bank Court
Frederick, MD 21703

Comcast
POB 70219
Philadelphia, PA 19176

Comcast
PO Box 1931
Burlingame, CA 94011

Comptroller of Maryland
Bankruptcy Unit
7 St Paul Street, Suite 230
Baltimore, MD 21202

Robert Leonard
9805-B York Road, 196
Cockeysville, MD 21030

Jill L. Phillips
The Phillips Law Offices, LLC
6301 Ivy Lane, Suite 700
Greenbelt, MD 20770

Alfred and Kimberly Greenwell
POB 214
Solomons, MD 20688

Chase Freedom
POB 6294
Carol Stream, IL 60197

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101

Thomas Murphy
5335 Wisconsin Ave, NW
Washington, DC 20015

USAA
9800 Fredericksburg Rd
San Antonio, TX 78288

Wells Fargo
PO Box 5511
Sioux Falls, SD 57117

*/s/ Elizabeth D. Peters*
Elizabeth D. Peters